*Northern District*
A.D. No. 5994
**JOSEPH E. GUINAN, ET AL**
v.
**CAROL MAHONEY**
Filed January 21, 1965

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Loschi, J.* in the First District Court of Eastern Middlesex (Malden). No. 4227 of 1963. *Eno, J.* This is an action of tort for negligence to recover damages for property damage and personal injuries.

The reported evidence is as follows:

*"At the trial there was evidence tending to show that* at about 10:10 a.m. on March 9, 1963, one O'Melia was driving his motor vehicle on Franklin Street in Stoneham in the direction of Melrose; that Franklin Street was an undivided road in a more or less thickly settled residential area and was wide enough for one lane of travel in each direction and for cars to be parked on both sides of the road; that the weather was fair and that the road had small ice patches here and there along the traveled portion of the roadway; that O'Melia was operating his motor vehicle at about 20 miles per hour, 50 feet before the accident; that as he reached a certain

point where another road intersects Franklin Street a dog ran out in front of O'Melia's right and O'Melia jammed on his brakes and came to a sudden stop; that the dog was not struck; that the plaintiff operator, K. Elizabeth Guinan was operating the plaintiff owner, Joseph E. Guinan's motor vehicle at some distance behind O'Melia's vehicle and was traveling in the same direction with no other motor vehicle between them; that when O'Melia stopped, plaintiff operator also stopped, behind O'Melia without striking the O'Melia vehicle; that almost simultaneously the plaintiff's vehicle was struck in the rear by the left front of defendant's vehicle.

The defendant's vehicle had been traveling behind plaintiffs' vehicle for three miles and there were no vehicles between them; defendant was traveling the three miles behind plaintiff a distance of about two car lengths; defendant had traveled this road earlier this day both ways, having gone to a laundry and returned home, and was returning to the laundry to pick up clothes; she (defendant) knew the road had ice patches on it; plaintiff operator at the time of the accident was driving her two young children and their friend home from bowling; as a result of the collision the plaintiff operator was injured and the car she was driving was damages; the children in the car were not tossed about and were not injured; the plaintiff vehicle was damaged (it was agreed that the damage

was $125.00); the O'Melia car and the plaintiff's car came to a sudden stop on the part of the road which was dry; defendant's car struck a patch of ice while in the process of stopping and the accident occurred."

The court allowed the following requests of the plaintiffs:

"1. On all the evidence findings for the plaintiffs are warranted.
    a. On Count 1
    b. On Count 2
4. On all the evidence a finding that the defendant was negligent and that her negligence was a proximate cause of the accident is warranted."

and denied those numbered:

"2. On all the evidence findings for the plaintiffs are required.
    a. On Count 1
    b. On Count 2
3. On all the evidence a finding that the defendant was negligent and that her negligence was a proximate cause of the accident is required."

The court also found the following facts:

"I find that the defendant was not guilty of any negligence in the operation of the motor vehicle being driven by her at the time of the accident."

and found for the defendant.

There was no error. While a finding for the plaintiffs was warranted as the court properly ruled, it was not required as a matter of law.

The report is dismissed.

Burton S. Friedman, Goldberg & Hass, of Malden, for the Plaintiff.

Weber, Segalini & Burke, of Boston, for the Defendant.